**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| NANCY MCNAUGHTON, individually and on behalf of a class of similarly situated individuals, ) ) ) | FILED: MAY 5, 2009<br>09CV2735<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE BROWN |
| *Plaintiff*, ) | No. AO |
| ) | |
| v. ) | |
| ) | |
| DMA FINANCIAL CORPORATION, a Nevada ) corporation, MARKETING RESPONSE ) SOLUTIONS, LLC, a Texas limited liability ) company, INTERLINKED MEDIA, INC., a ) Texas corporation, ) | **Jury Trial Demanded** |
| ) | |
| *Defendants*. ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Nancy McNaughton brings this Class Action Complaint against Defendants

DMA Financial Corporation ("DMA Financial"), Marketing Response Solutions, LLC

("Marketing Response") and Interlinked Media, Inc. ("Interlinked") to stop Defendants' practice

of making unauthorized text message calls to cellular telephones, and to obtain redress for all

persons injured by their conduct.  Plaintiff, for her Class Action Complaint, alleges as follows

upon personal knowledge as to herself and her own acts and experiences, and, as to all other

matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE CASE**

1.     In an effort to promote its clients' consumer credit products, Defendant DMA

Financial, a marketer of payday loans for various financial institutions, engaged Defendants

Marketing Response and Interlinked, providers of text message transmission services, to conduct

a relatively new and especially pernicious form of marketing:  the transmission of unauthorized

1

advertisements, in the form of "text message" calls, to the cellular telephones of consumers throughout the nation.

2.      By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers actually have to pay their cell phone service providers for the receipt of such wireless spam.

3.      In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cellular phones.

4.      On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

**PARTIES**

5.      Plaintiff Nancy McNaughton is a citizen of Illinois.

6.      Defendant DMA Financial is a provider of marketing and brokerage services to the payday loan industry and other consumer finance companies.  It operates through, controls and/or is successor in interest to many affiliated entities with names such as VIP Cash.  It is a Nevada corporation with its principal place of business in Las Vegas, Nevada.  It does business throughout the United States, including in Illinois and this district.

7.      Defendant Marketing Response is a provider of marketing and management services, primarily utilizing voice response and text message technologies.  It is a Texas limited

liability company with its principal place of business in Dallas, Texas.  It does business throughout the United States, including Illinois and this district.

8.      Defendant Interlinked is a provider of marketing services, exclusively utilizing mobile technology, including text messages.  It is a Texas corporation with its principal place of business in Richardson, Texas.  It does business throughout the United States, including Illinois and this district.

## JURISDICTION

9.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from the Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under this subsection apply to the instant action.

## VENUE

10.      Venue is proper in this district under 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction under 735 ILCS 5/2-209.

## CONDUCT COMPLAINED OF

11.      In recent years, marketers, who have often felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12.      One of the newest forms of such bulk marketing is to advertise through Short Message Services.  The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

14.     Unlike more conventional advertisements, wireless spam actually costs its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a specified number of messages, regardless of whether the message is authorized.

15.     Beginning in or about 2008 and continuing for at least several weeks if not months thereafter, Defendants caused mass transmissions of wireless spam to the cellular phones of what it hoped were potential customers of DMA Financial's payday loan products.

16.     For instance, on or about February 25, 2009, Plaintiff's cell phone rang, indicating that a text message call was being received.

17.     The "from" field of the transmission was identified cryptically as "77513." Plaintiff later learned that the number was an abbreviated telephone number known as an SMS short code, which was licensed and operated by Defendants Marketing Response and Interlinked. The body of the text message Plaintiff received read:

> 1.888.678.2999, THIS IS AN URGENT MATTER FROM THE
> LOAN CENTER. IF YOU WOULD LIKE TO INCREASE
> YOUR BALANCE, PRESS TALK OR CALL 1.888.678.2999,
> PRESS OPTION #4.

18.     The toll-free telephone number advertised in the above text message—(888) 678-2999—is registered to DMA Financial d/b/a VIP Cash and connects to an affiliated loan processing center.  Representatives at the loan processing center solicit callers to apply for a payday loan and direct callers to view the terms of such loans at www.qLoot.com, a website

affiliated with DMA Financial, which states that the "typical [payday] loan…has an APR of 651.79%."

19.     On information and belief, Defendants continue to willfully send unauthorized and deceptive wireless spam text message advertisements to the cellular telephones of what they hope are potential customers of DMA Financial's consumer loan products, in violation of such consumers' privacy.

20.     At no time did Plaintiff consent to the receipt of such wireless spam text messages from Defendants.

**CLASS ALLEGATIONS**

21.     Plaintiff brings this action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3), on behalf of herself and a class defined as follows:  A class (the "Class") consisting of Plaintiff and all others nationwide who received one or more unauthorized text message advertisements from Defendants advertising a DMA Financial product; provided, however, that Defendants and any employee of Defendants are excluded from the Class.

22.     Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

23.     Common questions of law and fact exist as to all members of the Class and those questions predominate over individual questions affecting Plaintiff or individual members of the Class.  Common questions for the Class include:

    (a)     Whether the wireless spam Defendants distributed violates the TCPA;

    (b)     Whether the Class members are entitled to treble damages based on the willfulness of Defendants' conduct; and

(c)      Whether Defendants' conduct described above violates the Class's right to

privacy.

24.      Plaintiff will fairly and adequately protect the interests of the Class.  Her claims

are typical of the claims of the other members of the Class and she has retained counsel

competent and experienced in similar class action litigation.

25.      A class action is superior to other available methods for fairly and efficiently

adjudicating this controversy because, among other things, (a) joinder of all members of the

Class is impracticable, and (b) many members of the Class cannot vindicate their rights by

individual suits because their damages are small relative to the burden and expense of litigating

individual actions.

## COUNT I
### (Violation of the TCPA, 47 U.S.C. § 227:  On Behalf of the Class)

26.      Plaintiff incorporates by reference the foregoing allegations as if fully set forth

herein.

27.      Defendants made unsolicited commercial text calls to the wireless telephone

numbers of the Class using equipment that, upon information and belief, had the capacity to store

or produce telephone numbers to be called, using a random or sequential number generator.

28.      These text calls were made without the prior express consent of Plaintiff or the

Class.

29.      Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

As a result of Defendants' illegal conduct, the members of the class suffered actual damages and,

under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for

each such violation of the TCPA.

30.     Because Defendants' misconduct was willful and knowing, the Court should,

pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff

and the Class.

WHEREFORE, Plaintiff Nancy McNaughton, on behalf of herself and the Class, prays

for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendants to cease all wireless spam activities;

4.     An award of reasonable attorney' fees and costs; and

5.     Such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.


Dated:  May 5, 2009

NANCY MCNAUGHTON, individually and on
behalf of a class of similarly situated individuals


/s/ Michael J. McMorrow
One of Ms. McNaughton's Attorneys


Michael J. McMorrow
Ryan D. Andrews
KamberEdelson, LLC
350 North LaSalle Street
Chicago, Illinois 60654
t: (312) 589-6470
f: (312) 589-6378
mmcguire@kamberedelson.com
randrews@kamberedelson.com